UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN BRUNER | CIVIL ACTION |
| VERSUS | NO. 16-13907 |
| SCOTT BROWN | SECTION "R" (1) |

## ORDER AND REASONS

John Bruner brings *Bivens* claims against U.S. Navy Law Enforcement Officer Scott Brown for alleged violations of Bruner's Fourth Amendment rights. Brown moves to dismiss Bruner's claims, or in the alternative, for summary judgment. The Court finds that Bruner's allegations, taken as true, cannot overcome Brown's qualified immunity from suit. Accordingly, Brown's motion to dismiss is granted.

### I. BACKGROUND

The following facts are taken from plaintiff John Bruner's complaint. Bruner alleges that on the afternoon of August 19, 2015, he was driving on the U.S. Naval Air Station in Belle Chasse, Louisiana, when he was stopped by defendant Scott Brown, a U.S. Navy law enforcement officer.[1] Brown told

---

[1] R. Doc. 1 at 2.

Bruner that Bruner had been stopped for failing to wear a seatbelt.[2] Bruner put his seatbelt on, apologized to Brown, thanked Brown, and told Brown to have a nice day.[3] Brown responded by swearing at Bruner and demanding Bruner's license and registration.[4]

After Bruner provided his license, Brown asked Bruner for his social security number.[5] Bruner refused to answer.[6] Brown then informed Bruner that he was under arrest.[7] Bruner did not resist, but told Brown that he had a pre-existing shoulder injury.[8] Bruner told Brown not to handcuff Bruner's hands behind his back, because doing so would severely aggravate the injury and harm Bruner.[9] According to Bruner, Brown then "maliciously injured [Bruner] while improperly handcuffing [Bruner] to cause [Bruner] pain and torture him."[10]

Bruner was released from Brown's custody at approximately 3:00 p.m. the same day.[11] He was issued two citations, one for Failure to Obey a Direct

---

[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.* at 3.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

Order and one for Failure to Wear a Seatbelt.[12] The citation for Failure to Obey a Direct Order was later dismissed.[13] Following an MRI, Bruner was diagnosed with tears of the 360-degree periphery of the cartilaginous lip of the glenoid labrum.[14] Bruner alleges that Brown caused this injury when he handcuffed Bruner, and Bruner will require surgery to repair his shoulder.[15]

Bruner sues Brown in his individual capacity.[16] Bruner asserts that Brown's alleged actions constitute false imprisonment and excessive force under the Fourth Amendment.[17] Bruner seeks damages including medical expenses, disability, pain and suffering, attorney's fees, and punitive damages.[18]

Brown now moves to dismiss Bruner's claims and argues in part that Bruner's claims are barred by qualified immunity.[19] Brown also moves, in the alternative, for summary judgment on the same issues.[20] Because the Court finds that Bruner's alleged facts, taken as true, cannot support a claim, the Court does not consider the parties' summary judgment evidence.

---

12 *Id.*
13 *Id.*
14 *Id.* at 4.
15 *Id.*
16 *Id.* at 1
17 *Id.* at 4.
18 *Id.* at 5
19 R. Doc. 15.
20 *Id.*

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an

insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Brown is a federal law enforcement officer, and may therefore be liable for damages for certain violations of the Fourth Amendment. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389 (1971). Brown is, however, protected by qualified immunity. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999). Qualified immunity under *Bivens* is identical to the immunity granted to individual defendants sued under 42 U.S.C. § 1983. *Id.* Accordingly, Brown is immune unless Bruner's allegations, taken as true, demonstrate that (1) Brown violated Bruner's constitutional rights and (2) Brown's actions were objectively unreasonable in light of clearly established law at the time of the alleged violation. *Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011) (internal quotations and modifications omitted); *see also Manis v. Lawson*, 585 F.3d 839, 845 (5th Cir. 2009) ("Qualified

immunity shields from civil liability 'all but the plainly incompetent or those who knowingly violate the law.'" (quoting *Malley v. Briggs*, 475 U.S. 335, 341, (1986)).

### A. Excessive Force

In the context of an excessive force claim, a plaintiff seeking to overcome qualified immunity must show: "(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007). Claims of excessive force are fact intensive and they depend on "the facts and circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Accordingly, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* This is an objective standard: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397; *see also Tennessee v. Garner*, 471 U.S. 1, 9 (1985) (court must determine whether "the totality of the circumstances justified" the particular use of force). This test "allow[s] for the fact that police officers are often forced to make split-second judgments—in

6

circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397.

Here, the Court finds that Bruner has failed to allege that Brown used excessive force that was clearly unreasonable. Bruner alleges, in essence, that Brown handcuffed Bruner's hands behind his back, after being warned that Bruner had a pre-existing shoulder injury. Although Bruner alleges that the cuffing was "malicious", the Court must objectively analyze Brown's actions "without regard to their underlying intent or motivation." *Id.*

In the Fifth Circuit, it takes far more than handcuffing to run afoul of the deferential "clearly excessive" standard. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 184 (5th Cir. 2016) (no excessive force where arrestee was hog-tied and died due to asphyxiation); *Davila v. United States*, 713 F.3d 248, 260 (5th Cir. 2013) (surrounding car with guns drawn, handcuffing plaintiffs, and forcing plaintiffs to kneel during traffic stop was not excessive or objectively unreasonable use of force); *Freeman*, 483 F.3d at 416 (no excessive force where "deputies twisted [plaintiff's] arms behind her back while handcuffing her, 'jerked her all over the carport,' and applied the handcuffs too tightly, causing bruises and marks on her wrists and arms); *see also Glenn v. City of Tyler,* 242 F.3d 307, 314 (5th Cir. 2001) ("handcuffing

too tightly, without more, does not amount to excessive force"). Accordingly, the Court finds that cuffing Bruner behind his back was not a "clearly excessive" use of force.

Brown's preexisting injury does not change this analysis. "[A] plaintiff may recover for aggravation of a preexisting injury if the use of excessive force caused that aggravation." *Callaway v. Travis Cty.*, No. 15-103, 2016 WL 4371943, at *6 (W.D. Tex. July 28, 2016). But a prerequisite to such recovery is that the force used by the officer be actually excessive. *See Freeman* 483 F.3d at 416 (to overcome qualified immunity, injury must "result[] directly and only from a use of force that was clearly excessive."). Reasonable force, even reasonable force leading to severe injury, is insufficient. Because the alleged handcuffing was an application of reasonable force, Brown is shielded by qualified immunity. *See Wells v. Bonner*, 45 F.3d 90, 96 (5th Cir. 1995) (qualified immunity barred claim that handcuffing behind back exacerbated existing shoulder injury); *see also Dunn*, 79 F.3d at 403 (explaining *Wells* decision: "The aggravation of the old injury was not attributable to the excessive component of the force used. Rather, aggravation of Wells's old shoulder injury was claimed to have been caused by handcuffing his hands behind his back, a routine police procedure."); *Royster v. Nichols*, 698 F.3d 681, 690-91 (8th Cir. 2012)

(upholding grant of summary judgment where officer cuffed arrestee's hands behind his back despite arrestees' request that the officer cuff him in the front because of an old back and shoulder injury).

**B. False Arrest**

The right to be free from false arrest is protected under the Fourth Amendment. *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995). The Fourth Amendment, however, "does not guarantee that only the guilty will be arrested." *Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)). A warrantless arrest, such as that alleged here, must be based on probable cause. *United States v. Ho*, 94 F.3d 932, 935 (5th Cir. 1996). Probable cause exists for a warrantless arrest "when the totality of the facts and circumstances within a police officer's knowledge at the moment of the arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Cannon*, No. 03-119, 2003 WL 21406180, at *2 (E.D. La. 2003) (quoting *Ho*, 94 F.3d at 935-36). Even a very minor offense may support a lawful arrest. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his

presence, he may, without violating the Fourth Amendment, arrest the offender.").

Even if an officer erred in concluding that probable cause existed for an arrest, he is entitled to qualified immunity if his decision was reasonable, albeit mistaken. *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 435 (5th Cir. 1993). Thus, if "a reasonable officer could have believed" that the arrest was lawfully based on probable cause, the officer retains qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). In that event, the officer is entitled to summary judgment on qualified immunity grounds even if the officer violated an individual's Fourth Amendment rights. *Estep v. Dallas County, Texas*, 310 F.3d 353, 360 (5th Cir. 2002).

Here, Bruner concedes that he was not wearing a seatbelt when Brown stopped him. Bruner attaches a "violation notice" to his complaint, which identifies Louisiana Revised Statutes section 295.1 as the "Basis for Charge." Under section 295.1, a driver "shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion." La. Stat. § 32:295.1. Probable cause that a motorist has committed a seat belt violation is sufficient to support a lawful arrest. *See Ramdath v. Favata*, No. 11-0395, 2014 WL 12586843, at *6 (N.D.N.Y. July 23, 2014) (granting summary judgement on false arrest claim where officer handcuffed arrestee

after observing arrestee not wearing seatbelt); *Poole v. City of Burbank*, 632 F. Supp. 2d 847, 851 (N.D. Ill. 2009) (dismissing false arrest claim where defendant had been convicted of seatbelt violation). Bruner pleads facts demonstrating that Brown had probable cause to arrest Bruner for a seatbelt violation, and his allegations therefore cannot support a claim for false arrest. Because "[c]laims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest," *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001), the Court need not consider whether Brown also had probable cause to arrest Bruner for failure to obey an order.

## IV. CONCLUSION

For the foregoing reasons, plaintiff John Bruner's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __1st__ day of May, 2017.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE